UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ONIKA TANYA MARAJ,　　　　　　　　　　　　　Case No. 22-cv-7854

　　　　　　　*Plaintiff*,

　　-- against --　　　　　　　　　　　　　　　　　　**COMPLAINT**

MARLEY GREEN, a/k/a CAROL　　　　　　　　　**JURY TRIAL DEMANDED**
GREEN, a/k/a NOSEY HEAUX,
and NOSEY HEAUX LIVE LLC,

　　　　　　　*Defendants*.
-----------------------------------------------------------X

　　　　Plaintiff Onika Tanya Maraj ("Plaintiff"), by her attorneys, Judd Burstein, P.C., complaining of the Defendants, alleges:

**INTRODUCTION**

　　　　1.　　This action is brought to vindicate the reputation of Plaintiff, a superstar artist who is known as Nicki Minaj. The Defendants herein have outrageously defamed Plaintiff by posting a video on their Twitter page in which Defendant Marley Green ("Green") who goes by the name of "Nosey Heaux," falsely and maliciously stated that Plaintiff is a "cokehead" who is "shoving all this cocaine up her nose." Further, evidencing a fundamental lack of decency, Green has also posted vile comments about Plaintiff's one year-old son. While these comments are not actionable, they nonetheless demonstrate why punitive damages should be awarded in this case.

　　　　2.　　In a different age, Green's lie would have been meaningless because she is the ultimate "nobody" -- on information and belief, a person whose main accomplishments in life have been a string of criminal charges, bail jumping, and bad debts. But this is the age of social media, one in which a "nobody" can find an undeserved following through relentless self-promotion. Green is one of those "nobodies," as she posts content belonging to her wholly owned company, Defendant Nosey Heaux Live LLC ("NHLLLC"), on multiple social media

platforms. One of those platforms is the "Nosey Heaux Live" Twitter page, which, inexplicably, has approximately 3,300 followers. Green therefore has the means to publish a lie knowing that it will metastasize as it is retweeted by her followers, and then further retweeted by the followers of her followers, and so on.

3. That is what has happened here. In just the day following Green's September 12, 2022 publication of her lie that Plaintiff is a "cokehead" on her Twitter page, almost 2,000 people had "liked" it. More importantly, more than 260 people had retweeted it, which led to a firestorm of social media attention which was undoubtedly caused by multiple levels of subsequent retweets. While social media is an extraordinarily effective vehicle for spreading lies, it does not confer a license to do so.

4. On information and belief, and as discovery will likely reveal, Green has been acting as a proxy for another performer who, mistakenly believing that she and Plaintiff are stars of equal stature, has repeatedly used other social media intermediaries in a hopeless effort to advance her career at Plaintiff's expense. However, the fact that Green was acting at the behest of another does not make her conduct less egregious or excuse her from the consequences of the damages she has caused Plaintiff to suffer.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Both Defendants reside in either New York County or Bronx County, New York. Hence, venue lies in this District pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Plaintiff is a citizen of the State of California. She is one of the most successful and famous performers and songwriters in the world. She has sold over one hundred million

records worldwide, making her the best-selling female hip hop performer of all time.  She was ranked by *Billboard* as the seventh overall Top Female Artist of any genre for the 2000-2010 time period.

8. On information and belief, Defendant Green is a citizen of the State of New York.  According to her January 14, 2021 application to trademark "Nosey Heaux Live," she resided in New York County, New York.  On information and belief, she now resides in Bronx County, New York.

9. Defendant NHLLLC is a limited liability company organized under the laws of the State of New York.  On information and belief, Defendant Green is its sole member, and its offices are located in Green's residence.

## PLAINTIFF'S CLAIM FOR RELIEF

10. Plaintiff repeats and realleges Paragraphs 1-9 above as if fully restated herein.

11. For at least the past year, Defendants have used the various Nosey Heaux Live social media platforms in an effort to demean and insult Plaintiff -- efforts which were of no concern to Plaintiff.

12. However, the situation changed on September 12, 2022, when Defendants posted a video on the Nosey Heaux Twitter page in which Green stated ("Green's Video Statement") that Plaintiff is "shoving all this cocaine, shoving in all this cocaine up her nose.  Allegedly.  Thank you.  Allegedly.  But we all know it's true.  **Fuck—listen, I can't even say allegedly with that 'cause I—we know it's true.  I'm not saying allegedly on that.  Nicki Minaj is a coke head**."  (Emphasis supplied).

13. Green's Video Statement was defamatory *per se* in that it (a) charged Plaintiff with a serious crime, and (b) tended to injure Plaintiff in her trade, business, or profession.

14. Green's Video Statement was false because Plaintiff has never used cocaine.

15. Green, on behalf of herself and NHLLLC, made the Green Video Statement with actual malice in that they either knew that it was false or knew that there was a high probability that it was false.

16. The Green Video Statement was not protected by any privilege.

17. The Green Video Statement constituted slander *per se*.

18. By reason thereof, Plaintiff has been damaged in an amount to be determined by the jury, but which is in no event less than $75,000.

19. In addition, because Defendants' conduct was so wilful, wanton and malicious, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. An award of compensatory damages, as determined by the jury, in the minimum amount of $75,000;

B. An award of punitive damages as determined by the jury;

C. An award of the costs and disbursements of this action; and

D. An Order granting such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
September 14, 2022

                                    Yours, etc.,

                                    JUDD BURSTEIN, P.C.

                                    By: /s/ Judd Burstein
                                    Judd Burstein (JB-9585)
                                    260 Madison Avenue, 15th Floor
                                    New York, New York 10016
                                    (212) 974-2400
                                    (212) 974-2944 (Fax)
                                    jburstein@burlaw.com
                                    *Attorneys for Plaintiff*