UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

ONIKA TANYA MARAJ,                                    :
                                                      :        Case No. 22-cv-7854 (NRB)
                                    *Plaintiff*,      :
                                                      :        CIVIL CASE
          -- against --                               :        MANAGEMENT PLAN
                                                      :        AND SCHEDULING
MARLEY GREEN, a/k/a CAROL GREEN, a/k/a NOSEY          :        ORDER
HEAUX, and NOSEY HEAUX LIVE LLC,                      :
                                                      :
                                    *Defendants*      X

-------------------------------------------------------------------- 

NAOMI REICE BUCHWALD, United States District Judge:

     This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.    The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f).

3.    Alternative Dispute Resolution/Settlement

    a.    Settlement discussions **have not** taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following: it would not be productive at this time.

4.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: participation in the District's Mediation Program.

    a.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): as soon as possible.

    b.    **The use of any alternative dispute resolution mechanism does not automatically stay or modify any date in this Order**.

1

5.      No additional parties may be joined, without leave of Court, after **June 5, 2023**.

6.      Amended pleadings may be filed without leave of Court until **June 5, 2023**.

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **May 31, 2023**.

8.      Fact Discovery

   a.      All fact discovery shall be completed no later than **September 15, 2023**.

   b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **June 5, 2023**.

   c.      **Non-privileged responsive documents shall be produced no later than July 16, 2023.  Objections to the production of documents, together with a privilege log, shall be served within 30 days of service of a request for production,**

   d.      Do the parties anticipate e-discovery? **Yes**

   e.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **June 15, 2023**.

   f.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **August 15, 2023**.

   g.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **July 15, 2023**.

   h.      **Any of the deadlines in paragraphs 8(b) through 8(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.      Expert Discovery

   a.      Anticipated types of experts if any: **Plaintiff anticipates expert testimony about damages, including, but not limited to, damages attributable to social media posts**. Defendant anticipates expert testimony as to damages.

   b.      If you have identified types of experts in question 7, all expert discovery shall be completed no later than **October 15, 2023**.

   c.      If you have identified types of experts in question 7, by **August 22, 2023,** the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case **is** to be tried by a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is **3 court days**.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below: **N/A**.

13.    Status Letters and Conferences

   a.    By **November 1, 2023**, the parties shall submit any letters requesting a pre-motion conference on anticipated summary judgment motions.  A party wishing to file a pre-motion letter shall do so in the form required by the Court's Individual Practices, Parts 1.A and 2.B.  Any party wishing to oppose shall file a responsive letter within three business days.

   b.    If no pre-motion letter is timely filed, the matter placed on the Court's trial-ready calendar.  The parties will be notified of the assigned trial-ready date and the schedule for all filings prior to trial.

   This Order may not be modified or the dates herein extended, except as provided in paragraph 8(h) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(h), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

   The Clerk of Court is directed to enter the dates under paragraphs 4, 5, 6, 7, 8, 9, and 13 into the Court's calendar.

JUDD BURSTEIN, P.C.                    PORTALE RANDAZZO LLP


By:____/s/ Judd Burstein_____    By:____/s/ Richard A. Portale_____
       Judd Burstein                         Richard A. Portale
       Peter B. Schalk                245 Main Street, Suite 340
       Emily C. Finestone             White Plains, New York 10601
110 East 59th Street, 22nd Floor      Tel.: (914) 359-2400
Tel.: (212) 974-2400                  Fax: (914) 801-5447
Fax: (212) 974-2944                   Email: rportale@portalerandazzo.com
Email: jburstein@burlaw.com           *Attorneys for Defendants*
       pschalk@burlaw.com             *Marley Green, a/k/a Carol Green, a/k/a*
       efinestone@burlaw.com          *Nosey Heaux and Nosey Heaux Live LLC*
*Attorneys for Plaintiff*
*Onika Tanya Maraj*

SO ORDERED:


Dated:_____


           _____
           NAOMI R. BUCHWALD
           United States District Judge